IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RALPH JOHNSON**,

        Petitioner,

v.                                               Civil Action No. 5:08cv184
                                                      (Judge Stamp)

**KUMA J. DEBOO, Warden,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case on December 12, 2008, by filing an application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Dckt. 1.) Petitioner is currently serving a 70-month federal sentence imposed in United States District Court for the Southern District of Indiana. See 1:04cr120-1. In the petition, the petitioner raises the following questions:

(1) Is the petitioner entitled to credit toward his federal sentence for time spent in state custody after his federal sentence was imposed?

(2) Are the petitioner's state and federal sentences considered related and thus, relevant conduct entitling the petitioner to have his convictions run concurrent under the United States Sentencing Guidelines Manual § 5G1.3(b)?

On January 15, 2009, the undersigned conducted a preliminary review of the file and determined that summary dismissal of the petition was not warranted at that time. (Dckt. 5). Thus, the respondent was directed to show cause why the writ should not be granted. *Id.*

On April 10, 2009, the respondent filed a Response to Show Cause Order and a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Dckt. 9). In the motion, the respondent argues that the petitioner's sentence has been properly calculated, the petitioner is not

entitled to prior custody credit, and a that a Nunc Pro Tunc designation would not be appropriate in this case. *Id.*

Because the petitioner is proceeding *pro se*, the Court issued a Roseboro Notice on April 16, 2009. (Dckt. 11). The petitioner filed a response to the respondent's motion on April 28, 2009. (Dckt. 13). Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, et seq.

## I. Factual and Procedural History

On January 15, 2004, the petitioner was arrested by Hamilton County, Indiana authorities and held in continuous custody for several state charges including Burglary, Theft and Auto Theft. (Dckt. 10 at Attachment B). On February 13, 2004, a federal warrant was issued for the petitioner for his participation in a federal firearms offense that occurred on December 10, 2003, in the Southern District of Indiana.[1] The warrant was not served at that time because the petitioner was in the custody of the Hamilton County, Indiana authorities for the Burglary/Theft charges. (Dckt. 10).

Pursuant to a federal writ, on August 10, 2004, the United States Marshal Service ("USMS") took custody of the petitioner to answer federal charges. (Dckt. 10 at Att. B). On August 10, 2004, the petitioner pled guilty in the Southern District of Indiana to Felon in Possession of a Firearm[2] and Stealing Firearms from an Importer, Manufacturer, or Dealer of Firearms[3]. (Dckt. 10 at Ex. 1). On August 25, 2004, petitioner was returned to Hamilton County, Indiana authorities. (Dckt. 10 at Att.

---

[1] While the federal charges were not related to the state charges (Dckt. 10 at Ex. 1, ¶ 7), they were, as asserted by the petitioner, "all part of a crime spree that covered a four month period." (Dckt. 13).

[2] 18 U.S.C. § 922 (g) (1) and (2)

[3] 18 U.S.C. § 922 (u) and 2

B). On November 12, 2004, the USMS took custody of the petitioner for federal sentencing pursuant to a writ. That same day, the petitioner was sentenced by the District Court to a 70 month sentence for one count of violating 18 U.S.C. § 922 (g) (1) and a concurrent sentence of 70 months for one count of violating 18 U.S.C. § 922 (u). (Dckt. 10 at Att. A). Petitioner was then returned to state custody after sentencing. (Dckt. 10 at Att. B).

On December 16, 2004, petitioner was transferred from Hamilton County to Hancock County, Indiana to face trial and sentence for an additional Burglary charge. *Id*. On December 21, 2004, petitioner was sentenced in Hancock County, to 5 years, 11 months and 30 days for Burglary. (Dckt. 10 at Att. D). Following sentencing, petitioner was returned to Hamilton County authorities. (Dckt. 10 at Att. B). On January 13, 2005, the Hamilton County Superior Court sentenced the petitioner to 5 years, 11 months, and 30 days for burglary. *Id*. The state sentences were ordered to run concurrent with one another and the petitioner received jail credit from 01/13/2004 to 01/13/2005. *Id*.

On June 15, 2007, the petitioner completed his state sentences and was released to federal custody on June 18, 2007 for service of the remainder of his federal sentence. (Dckt. 10 at Ex. 1). In accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA) of 1984, 18 U.S.C. § 3584(a), and § 3585(a), the Bureau of Prisons (BOP) has computed the petitioner's sentence computation as follows: (1) the petitioner's federal sentence commenced on the day he completed his Indiana prison terms – June 15, 2007. (Dckt. 10 at Att. E). At that time, petitioner was not entitled to any prior custody credit for the time spent in custody prior to the commencement of his federal sentence because all of that time was credited against his state sentence. (Dckt. 10 at Ex. 1, ¶ 17).

## II. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

### B. Motion for Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### III.  Analysis

**A.  Calculation of the Petitioner's Sentence**

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General).

In this case, the petitioner argues that he is entitled to credit on his federal sentence for all time spent in custody after his federal sentence was imposed. Specifically, the petitioner alleges that he is entitled to credit for the time he has spent in custody since his federal sentence was imposed

on November 12, 2004.

Pursuant to 18 U.S.C. § 3585(a), a sentence to a "term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

Here, the petitioner acknowledges that he was originally arrested by the State of Indiana. The petitioner was taken into federal custody pursuant to a Writ of Habeas Corpus Ad Prosequendum. Therefore, the petitioner was "borrowed" from the state of Indiana only for the purposes of making a plea and for sentencing. United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); see also Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980). The State of Indiana retained primary jurisdiction over the petitioner during this time and credited his state sentences accordingly. Id. After the petitioner's federal sentencing, he was returned to the state of Indiana to be sentenced and serve his state-rendered punishment. There is no evidence that the State of Indiana ever relinquished its primary jurisdiction. The petitioner was not "in custody" on his federal charges during that time. Therefore, under § 3585(a), the petitioner's federal sentence did not commence until he was released by state authorities and transferred to federal authorities for service of his federal sentence. The petitioner remained in the custody of the State of Indiana until June 15, 2007, the date he was released from his state sentence. The petitioner was transferred to the custody of the Bureau of Prisons ("BOP") three days later. (Dckt. 10 at Ex. 1). Therefore, the BOP has calculated the petitioner's sentence as commencing on June 15, 2007. *Id.*

**B.  Petitioner's Prior Custody Credit**

For the above reasons, the petitioner has been awarded all the credit to which he is entitled

on his federal sentence and his sentence has been properly computed. Additionally, the petitioner has properly been denied pre-sentence custody credit on his federal sentence for the time served between beginning November 12, 2004 because the petitioner received credit for that time on his state sentence. Because the petitioner's federal sentence was imposed after November 1, 1987, prior custody credit is governed by 18 U.S.C. § 3585. A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or
> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

The Supreme Court has found that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337, 112 S. Ct. 1351, 1356, (1992). Subsequently, under § 3585(b), prior custody credit cannot be granted if the prisoner had received credit toward another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir. 1992)(defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); See also U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

In the instant case, petitioner received credit against his state sentences for the time he was in custody prior to sentencing. Because the petitioner has already been granted credit for this time period by the state, the petitioner is not entitled to also have this time credited against his federal sentence as well. Thus, petitioner is not entitled to any prior custody credit.

**C.** **Consecutive Nature of the Petitioner's State and Federal Sentences 18 U.S.C. § 3584(a)**

Moreover, the petitioner's argument regarding the concurrency of his sentences is without merit. The petitioner asserts that the BOP is bound by the state court's order that his state sentence run concurrent to his federal sentence. That is simply untrue. Pursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment run *consecutively*, unless the court orders that the sentences run concurrently. (Emphasis added). In this case, as it was issued before the state sentences, the petitioner's federal Judgment and Commitment Order is silent as to the concurrent or consecutive nature of the sentence. Thus, the BOP has properly construed the petitioner's federal sentence to run consecutive to his state sentence.

The state court's decision to run the state sentence concurrent to the federal sentence is irrelevant. "[A] state court cannot unilaterally impose a concurrent sentence on a federal sentence." Martin v. Lamanna, 2009 WL 690686 *7 (D.S.C. Mar. 16, 2009) (citing United States v. Hayes, 535 F.3d 907, 912 (8th Cir. 2008) (stating that "[t]he state court had no authority to designate the federal sentence as concurrent to the state sentence" because the federal sentence would not run so long as the defendant remained in state custody"); United States v. Eccleston, 521 f.3d 1249, 1254 (10th Cir. 2008) (stating that "the determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently obtained state conviction.'") (quoting Bloomgren v. Belaski, 948 f.2d 688, 691 (10th Cir. 1991)). Therefore, "[t]he federal government cannot be compelled by an agreement between the prisoner and the state authorities to grant a concurrent sentence." *Id.* (citing Jake v. Herschberger, 173 F.3d 1059, 1065 (7th Cir. 1999); United States v. Miller, 49 F.Supp.2d 489, 494 (E.D.Va. 1999)).

Significantly, when the petitioner raised the issue of retroactive concurrency within the

8

BOP's administrative remedy process, the BOP contacted the petitioner's federal sentencing judge, the Honorable John D. Tinder, United States District Judge for the Southern District of Indiana, for his input. (Dckt. 10 at Att. G). In particular, the BOP sent a letter to now Circuit Court Judge Tinder,[4] explaining the circumstances of the petitioner's multiple arrests and sentencings. *Id.* In addition, the BOP informed Judge Tinder of the petitioner's request for retroactive concurrency. *Id.* Judge Tinder was given the opportunity to advise the BOP as to the Court's position. *Id.* Judge Tinder stated that, as the sentencing judge in this case, nothing in the record persuaded him that the petitioner's federal sentence should run concurrently with the state sentence that the petitioner was expected to receive after being returned to state custody upon completion of federal sentencing. (Dckt. 10 at Att. H). Because of this, Judge Tinder's judgment did not contain a recommendation of a concurrent treatment of the unrelated federal and state matters. *Id.*

**D. United States Sentencing Guidelines Manual § 5G1.3(b)**

The petitioner also challenges the manner in which his sentence was imposed. In particular, the petitioner asserts that pursuant to U.S.S.G. § 5G1.3(b), his federal sentence should have been imposed concurrent with his state sentence.

However, the primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

---

[4]In December of 2007, Judge Tinder was elevated to the U. S. Court of Appeals for the Seventh Circuit.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner has not shown that he meets any of the Jones requirements. Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he improperly seeks relief on this ground under § 2241.

### IV. Recommendation

For the foregoing reasons, it is recommended that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dckt. 9) be **GRANTED** and the petitioner's § 2241 habeas petition be **DENIED** and **DISMISSED with prejudice** from the active docket of this

Court.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 5, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE