IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RALPH JOHNSON,

          Petitioner,

v.                                    Civil Action No. 5:08CV184
                                                         (STAMP)
KUMA J. DEBOO, Warden,

          Respondent.


                    **MEMORANDUM OPINION AND ORDER**
                    **AFFIRMING AND ADOPTING REPORT AND**
                    **RECOMMENDATION OF MAGISTRATE JUDGE**

                         I.  Background

     The pro se[1] petitioner, Ralph Johnson, is currently serving a seventy-month federal sentence imposed in the United States District Court for the Southern District of Indiana. The petitioner filed an application for habeas corpus pursuant to 28 U.S.C. § 2241 raising two issues: (1) whether he is entitled to credit toward his federal sentence for time spent in state custody after his federal sentence was issued; and (2) whether his state and federal sentences are considered related, and thus, entitle the petitioner to have his convictions run concurrent under United States Sentencing Guidelines Manual § 5G1.3(b).

     This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. In response to a show

---

     [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

cause order, the respondent filed a motion to dismiss, or in the alternative, a motion for summary judgment, arguing that the petitioner's sentence had been properly calculated, and that a nunc pro tunc designation would not be appropriate in this case. The petitioner filed a response to which the respondent did not reply.

Following review of the pleadings, the magistrate judge issued a report and recommendation recommending that the respondent's motion to dismiss, or in the alternative, motion for summary judgment, be granted, and that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendation within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed an adopted in its entirety.

## II. Facts

The petitioner was arrested by Hamilton County, Indiana authorities and held in continuous custody for state charges including burglary, theft, and auto theft. Thereafter, on August 10, 2004, the United States Marshals Service ("USMS") took custody of the petitioner to answer federal charges. The petitioner pleaded guilty to felon in possession of a firearm and stealing firearms from an importer, manufacturer, or dealer of firearms in

2

the Southern District of Indiana, and on November 12, 2004, the petitioner was sentenced by the district court to a seventy-month sentence for one count of violating 18 U.S.C. § 922(g)(1) and a concurrent sentence of seventy months for one count of violating 18 U.S.C. § 922(u).

On December 21, 2004, the petitioner was sentenced in Hancock County, Indiana, to five years, eleven months, and thirty days for burglary. On January 13, 2005, the Hamilton County Superior Court sentenced the petitioner to the same sentence, also for burglary. The state sentences were ordered to run concurrent with one another, and the petitioner received jail credit.

The petitioner completed his state sentences and was released to federal custody on June 18, 2007, for the service of the remainder of his federal sentence. The Bureau of Prisons ("BOP") computed the petitioner's sentence as commenced on June 15, 2007, the day that the petitioner completed his Indiana prison terms. Furthermore, because the time spent in custody prior to the commencement of his federal sentence was credited against his state sentence, the petitioner was not entitled to any prior custody credit.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court conducts a de novo review to those portions of the magistrate judge's report and recommendation to which the petitioner objects.

## IV. Discussion

### A. Calculation of the Petitioner's Sentence

In his § 2241 petition, the petitioner argues that he is entitled to credit on his federal sentence for all time spent in custody after his federal sentence was imposed. Title 18, United States Code, Section 3585 governs the calculation of a term of imprisonment and provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

4

18 U.S.C. § 3585 (emphasis added).  The operation of § 3585(b) serves to inform the inquiry under § 3585(a).  Stated differently, if a petitioner receives credit under § 3585(b) for previous time served, a determination must necessarily have already been made that such previous time served before the federal sentence commenced under § 3585(a) and that such time was not already credited against another sentence.  See United States v. Brown, 977 F.2d 574 (4th Cir. Sept. 25, 1992) (unpublished) (holding that defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); United States v. Goulden, 54 F.3d 774 n. 3 (4th Cir. May 17, 1995) (unpublished) (credit is only available for time spent in custody which has not been credited against another sentence).

Here, the petitioner was originally arrested by the State of Indiana, and was thereafter taken into federal custody pursuant to a writ of habeas corpus ad prosequendum.  Because the petitioner was considered "borrowed" from the State of Indiana for purposes of making a plea and for sentencing in federal court, the State retained primary custody of the petitioner during these federal proceedings.  United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); see also Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980). Following the petitioner's federal sentencing, he was returned to the State of Indiana to be sentenced and serve his state sentence, where he remained in custody of the State until June 15, 2007.

Thus, the petitioner was in official detention pursuant to his state court conviction, not his federal sentence, and that time has been properly awarded to his state sentence.

B. <u>Consecutive Nature of the Petitioner's State and Federal Sentence</u>

The petitioner is not entitled to a nunc pro tunc designation for his federal and state sentences to run concurrently. "Multiple terms of imprisonment imposed at different times run consecutively unless the [federal] Court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). However, a federal court does not have authority to designate the relationship of its sentence to another sentence which has not yet been imposed. See <u>Romandine v. United States</u>, 206 F.3d 731, 737-38 (7th Cir. 2000) (holding that federal court may not order its sentence to run concurrently with a non-existent sentence of some other court); <u>United States v. Quintero</u>, 157 F.3d 1038, 1039 (6th Cir. 1998) (holding that federal court lacks authority to order a sentence to be served consecutively to a not-yet-imposed state sentence). Moreover, silence by the sentencing court regarding concurrency creates a presumption that the sentences will be served consecutively. <u>See e.g.</u> <u>United States v. Blue</u>, 874 F. Supp. 409, 413 (D.D.C. 1995).

In this case, the district court did not have authority to order that the petitioner's federal sentence run concurrently with or consecutively to the State of Indiana sentences because the latter sentences had not yet been imposed. Consequently, the

district court's sentencing order was silent regarding the relationship of the federal and state sentences. That the Indiana court then expressly ordered that its sentence be served concurrently to his federal sentence is irrelevant. See Martin v. Lamanna, 2009 WL 690686, at *7 (D.S.C. Mar. 16, 2009 ) ("A state court cannot unilaterally impose a concurrent sentence on a federal sentence."); United States v. Eccleston, 521 F.3d 1249, 1254 (10th Cir. 2008) (stating that "the determination of whether a defendant's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently obtained state conviction") (internal citations and quotations omitted). Thus, to the extent that the petitioner asks this Court to order the BOP to give him a nunc pro tunc designation that his federal sentence run concurrently with his state sentence, the motion must be denied.

C.   United States Sentencing Guidelines Manual § 5G1.3(b)

Finally, the petitioner asserts that his federal sentence should have been imposed concurrent with his state sentence pursuant to U.S.S.G. § 5G1.3(b). This argument must fail.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by a § 2255 is not rendered inadequate or

ineffective merely because an individual has been unable to obtain relief under that provision. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.3d 1160, 1162 (9th Cir. 1988)). Rather, a § 2255 petition is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The petitioner has failed to establish the elements required by Jones. Therefore, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he improperly seeks relief on this ground under § 2241.

## V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the respondent's motion to dismiss, or in the alternative, motion for summary judgment, is GRANTED. Furthermore, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n. 12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: October 26, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE